ANNA C. FERNANDEZ, DOING BUSINESS AS HILO COL-
LECTION AGENCY *v.* MONA HAO AND LOUIS K.
HAO.

No. 3056.

Submitted June 5, 1959.                    Decided June 29, 1959.

Rice, C. J., Stainback and Marumoto, JJ.

*Per Curiam.* This matter was submitted to this court upon the briefs filed herein. It involves an appeal from the judgment of the circuit court of the third circuit in favor of plaintiff-appellee against the defendant Mona Hao. There is no dispute that Kensei Higa, a contractor, plaintiff's assignor, entered into a contract with the defendant, Mrs. Mona Hao, for the erection of a dwelling for some $3,000 in accordance with the blueprint drawn by Higa for the defendant. The question in dispute is as to whether the defendant is liable to Higa for "extras" added to the dwelling at the request of the defendant.

There is a clear dispute between plaintiff's assignor, Higa, and the defendant. The dwelling was to be erected upon Hawaiian Homes Commission lands and the defendant was to be given a loan of $3,000. The defendant claimed that, in consideration for her obtaining several other contracts for plaintiff's assignor for the erection of dwellings upon lots within this subdivision, plaintiff agreed to do extra work upon her dwelling without further charge.

Higa denies this and states the requested changes over and above the contract price were to be paid for by defendant; he states that it was with this understanding that he, the contractor, complied with the requested extras and changes.

Higa testified that upon completion of the dwelling he personally rendered his bill for the extras and materials to defendant and subsequent bills were mailed and defendant acknowledged the indebtedness and agreed to pay the same when her husband returned to the Territory. Defendant denies this.

Defendant makes the claim that an amendment to the complaint was improperly allowed and that the action was on the contract, that plaintiff had to prove such contract and could not recover on quantum meriut.

The original complaint alleges an indebitatus account and there is added, by way of amendment allowed by the court, an account stated as a second cause of action.

There is no merit to the objection to the court's allowance of the amendment as it is well settled that amendments to pleadings and process may be allowed at any time to conform to the proof. (R.L.H. 1955, § 230-53; H.R.C.P., Rule 15[b].)

There was also objection to the admission of certain evidence that lumber, materials, etc., were bought from American Factors. The admission of this evidence is proper as proving the value of the materials furnished and as corroborating the testimony of plaintiff's assignor as to the furnishing of materials and the doing of extra work at the request of the defendant over and above the contract price.

Defendant-appellee makes extensive argument to show that the testimony of the defendant's witnesses should be believed rather than that of the plaintiff's witnesses. However, this court has repeatedly held that where there is more than a scintilla of evidence to support the verdict of a jury or the finding of a trial court on questions of fact, the verdict or finding will not be disturbed.

Affirmed.

*Pence & Ushijima* for appellee.
*Montgomery Clark* for appellants.